

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LEROY HAGENBUCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| 3B6 SISTEMI ELETTRONICI INDUSTRIALI S.R.L., an Italian Corporation, | ) ) ) | |
| | ) | No. 04 C 3109 |
| 3B6 TECHNOLOGIES, LLC, an Illinois limited liability company, and | ) ) | Wayne R. Andersen |
| | ) | District Judge |
| VARIOUS JOHN DOE SUPPLIERS, AGENTS, RESELLERS, CUSTOMERS, OWNERS, or ENDUSERS of 3B6 SISTEMI INDUSTRIALI S.R.L. or 3B6 TECHNOLOGIES, LLC or selected ones of their products, or Others, | ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the motion of defendants, 3B6 Sistemi Elettronici Industriali, S.R.L., and 3B6 Technologies, LLC (collectively "3B6s") to (1) require plaintiff to amend the complaint to provide a more definite statement of paragraph 17 under Fed. R. Civ. P. 12(e); (2) dismiss or strike Count II under Fed. R. Civ. P. 12(b)(6) and 12(f); or (3) dismiss and/or quash service of process as to defendant 3B6 Sistemi under Fed. R. Civ. P. 12(b)(4) and 12(b)(5). For the reasons set forth below, we deny defendants' motion for a more definite

statement and deny the motion to dismiss and/or quash service of process on defendant 3B6 Sistemi. We grant the defendants' motion to dismiss Count II.

## BACKGROUND

This is a suit for patent infringement. On April 30, 2004, the plaintiff, Leroy Hagenbuch, filed a complaint against 3B6 Technologies, an Illinois company, and 3B6 Sistemi, its Italian parent company, alleging infringement of patents related to different types of vehicular on-board weighing system technology. 3B6 Technologies and 3B6 Sistemi specialize in the field of construction equipment. In addition to the 3B6 companies, the complaint names various John Doe "suppliers, agents, resellers, customers, owners, or end-users of selected ones of [3B6's] products" as additional defendants. On May 28, 2004, Hagenbuch filed an amended complaint adding a second count for unjust enrichment.

## DISCUSSION

### I. Motion for a More Definite Statement under Rule 12(e)

Defendants have filed a motion for a more definite statement under Fed. R. Civ. P. 12(e) to require the plaintiff to amend paragraph 17 of the complaint. Paragraph 17 alleges:

> On information and belief, 3B6 USA, 3B6 Italy and the John Doe Defendants have directly infringed, induced infringement of, and/or contributory infringed one or more claims of U.S. Patent Nos. 4,831,539; 4,839,835 and its re-examination certificate; 5,327,347; 5,416,706; 5,528,499; 5,631,832; 5,631,835; 5,650,928; 5,650,930; 5,742,914 and 5,995,888 (either directly or under the doctrine of equivalents) by manufacturing, using, importing into the United States, offering for sale and/or selling certain products and methods, including 3B6 USA's and 3B6 Italy's line of on-board weighing systems for vehicles, including, at least, certain versions of the "Big Load Runner," "Big Shipper," "Super Master," "Top Master," and "Master/D" products and/or components of such on-board weighing systems.

2

Defendants argue in their motion that paragraph 17 is so vague and unintelligible that it does not meet the Rule 8(a) requirement that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Specifically, defendants asks that the plaintiff be more specific as to which products infringe the listed patents, and to aver separately with respect to each individual defendant and each individual patent.

Plaintiff's allegations in paragraph 17, however, are sufficiently definite and do not warrant relief under Rule 12(e). Under Rule 12(e), "[i]f a pleading . . . is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement . . . ." Rule 12(e) motions should be granted only when the complaint is "so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself." *D56, Inc. v. Berry's Inc.*, 1996 WL 252557 at *10 (N.D. Ill. May 10, 1996)(citation omitted).

Here, defendants can respond to the allegations set forth in paragraph 17 without prejudice to their case. Paragraph 17 gives defendants notice that they are being sued for patent infringement, cites the specific patents that plaintiff believes are being directly, induced, and/or contributory infringed, and by what means, including the manufacturing, using, and importing into the United States certain on-board weighing systems by the 3B6 companies. If the 3B6 entities are not infringing the patents, they can deny the allegations, and if they wish to narrow the claims against them, they may file a motion for summary judgment. *See Intel Corp. v. Hyundai Electronics America, Inc.*, 692 F. Supp. 1113 (N.D. Cal. 1987). At this stage of the litigation, nothing more is required of the plaintiff under the federal system of notice pleading.

Moreover, we note that defendants, in earlier correspondence with the plaintiff, have already denied his allegations of patent infringement. In November of 2003, before the filing of this lawsuit, plaintiff's counsel provided defendants with copies of plaintiff's twelve patents, the related prosecution histories, and an identification and explanation of which patents he believed were being infringed by the defendants' products, and requested an explanation if the 3B6 companies believed they did not infringe. According to the sworn declaration of plaintiff's counsel, both 3B6 Italy and 3B6 USA denied any infringement of plaintiff's patents. (Decl. of William Hallihan, ¶¶ 6,7.) Thus, because we accept the declaration of plaintiff's counsel, we see no reason why defendants cannot again respond to plaintiff's allegations in this lawsuit. Accordingly, we deny the Rule 12(e) motion for a more definite statement.

## II.     Motion to Dismiss Count II

In Count II, plaintiff seeks recovery for patent infringement under the common law theory of unjust enrichment. Defendants maintain that patent infringement claims are exclusively governed by the federal patent laws, and remedies based on unjust enrichment are unavailable. We agree.

In pleading Count II, the only facts alleged are those relating to patent infringement. The patent statute sets forth a specific compensatory scheme for awarding damages in patent cases. "[T]he court shall award the claimant damages adequate to compensate for the infringement but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court." 35 U.S.C. § 284. The general rule is that a precisely drawn, detailed federal statute, as is the case with § 284, preempts more general remedies. *See Block v. North Dakota*, 461 U.S. 273, 285 (1983).

4

Here, we find that a state law claim for unjust enrichment based solely on allegations of patent infringement conflicts with the federal statute defining damages for patent infringement under § 284. Because federal law overrides the state laws with which they conflict, plaintiff cannot avail himself of an additional state law claim for compensation for patent infringement. *See Jones v. Rath Packing Co., et al.*, 430 U.S. 519, 526 (1977). Accordingly, we grant the motion to dismiss Count II.

### III. Motion to Dismiss and/or Quash Service of Process as to Defendant 3B6 Sistemi

3B6 Sistemi has moved under Fed. R. Civ. P. 12(b)(4) and (5) to dismiss the complaint and/or quash service of process because plaintiff failed to follow the required method for service provided under the Hague Service Convention, 20 U.S.T. 361, 658 U.N.T.S. 163 ("Convention"). The principal method for service provided under Articles 2-7 of the Convention is by service of the summons and complaint, accompanied by a prescribed form, through the designated central authority of the foreign state. In this case, plaintiff served 3B6 Sistemi, an Italian corporation, by mail, which defendant 3B6 Sistemi argues is not valid under the Convention.

Whether plaintiff's service on 3B6 Sistemi was proper is now moot, however, as plaintiff has recently presented to the Court a certificate that 3B6 Sistemi was properly served on July 27, 2004 under a method authorized by Article 5 of the Convention. This subsequent service of the summons and complaint on defendant 3B6 Sistemi was done within the 120 day time limit afforded plaintiffs under Fed. R. Civ. P. 4(m). Accordingly, we deny the defendant's motion to dismiss the complaint and/or quash service of process as to defendant 3B6 Sistemi.

## CONCLUSION

For the foregoing reasons, we deny defendants' motion for a more definite statement [7-1] and deny the motion to dismiss and/or quash service of process as to defendant 3B6 Sistemi [7-3]. We grant, however, the defendants' motion to dismiss Count II [7-2]. This case is set for status on April 7, 2005 at 9:00 a.m.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: March 14, 2005

6