AE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **LEROY G. HAGENBUCH,** | )<br>) |
| Plaintiff, | )<br>) Case No. 04 C 3109<br>) |
| v. | ) Judge Wayne R. Andersen<br>) |
| **3B6 SISTEMI ELETTRONICI INDUSTRIALI S.R.L.**, an Italian Corporation, | ) Magistrate Judge<br>)    Martin C. Ashman<br>)<br>)<br>) |
| **3B6 TECHNOLOGIES, LLC**, an Illinois limited liability company, | )<br>)<br>) |
| **VARIOUS JOHN DOE SUPPLIERS, AGENTS, RESELLERS, CUSTOMERS, OWNERS**, or **ENDUSERS** of **3B6 SISTEMI INDUSTRIALI S.R.L.**, **3B6 TECHNOLOGIES, LLC** or selected ones of their products, or Others, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Leroy G. Hagenbuch, moves this Court to compel Defendants, 3B6 Sistemi Elettronici Industriali S.R.L. ("3B6 Italy") and 3B6 Technologies, LLC ("3B6 USA"), to produce documents that Plaintiff claims are relevant to his patent infringement suit against them. Defendants oppose Plaintiff's motion and move for a protective order, arguing, among other things, that the Hague Convention on Taking Evidence Abroad, 23 U.S.T. 2555, T.I.A.S. No. 7444 (reproduced in 28 U.S.C.A. § 1781) ("Hague Convention"), governs any discovery requests directed to 3B6 Italy. The parties have submitted briefs focusing on the relevancy of the

Hague Convention to Plaintiff's motion and the Court now finds that the Federal Rules of Civil Procedure, and not the Hague Convention, govern discovery in this case. Under the Federal Rules of Civil Procedure, Plaintiff is entitled to the discovery he seeks from 3B6 Italy so the Court grants Plaintiff's motion to compel discovery and denies Defendants' cross-motion for a protective order.

I. **Background**

Plaintiff brings his lawsuit under 35 U.S.C. §§ 271, 281 *et seq.* and alleges that 3B6 Italy and its United States distributor, 3B6 USA, (as well as other "John Doe" defendants) directly infringed, induced infringement of, and/or contributorily infringed one or more patents issued to Plaintiff[1] (either directly or under the doctrine of equivalents) by manufacturing, using, importing into the United States, offering for sale and/or selling, at least, 3B6 USA's and 3B6 Italy's line of on-board weighing systems for vehicles, as well as certain products and components of those systems. (Pl.'s Am. Compl. at 5-6.) Plaintiff further alleges that Defendants' infringement has been willful, has resulted in irreparable injury to him, and has unjustly enriched Defendants. On April 4, 2005, Defendants filed an answer to Plaintiff's complaint, as well as a counterclaim seeking a declaration that Plaintiff's patents are unenforceable, are invalid, and/or are not infringed directly, contributorily, or by inducement, based on the actions of either 3B6 Italy or 3B6 USA. (Defs.' Answer & Countercl. at 10.) Attempting to proceed with pre-trial discovery, Plaintiff served Defendants with requests for documents on April 29, 2005. Not satisfied with

---

[1] Patents at issue include: U.S. Patent Nos. 4,831,539; 4,839,835 and its reexamination certificate; 5,327,347; 5,416,706; 5,528,499; 5,631,832; 5,631,835; 5,650,928; 5,650,930; 5,742,914 and 5,995,888. (Pl.'s Am. Compl. at 5-6.)

Defendants' responses, Plaintiff filed his first motion to compel on July 8, 2005. On July 27, 2005, Defendants responded to Plaintiff's motion with a brief entitled, "Defendants' Opposition to Plaintiff's First Motion to Compel Discovery and Cross-Motion for Protective Order." The parties subsequently filed replies in support of their briefs. The parties appeared before this Court for oral arguments on July 13, 2005, and again on August 17, 2005, after briefing the Hague Convention issue.

## II. Discussion

3B6 Italy refuses to provide Plaintiff with any documents within its possession, custody, or control, arguing that all discovery against it must take place in accordance with the Hague Convention, as 3B6 Italy is a foreign corporation based in Italy and Italy and the United States are both signatories to the Hague Convention. Plaintiff counters that the Federal Rules of Civil Procedure control discovery in this case and that deferring to the Hague Convention is neither mandatory nor appropriate.

Both the Federal Rules of Civil Procedure and the Hague Convention are the law of the United States. *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 482 U.S. 522, 533 (1987). In *Societe Nationale Industrielle Aerospatiale*, the Supreme Court considered the relationship between the federal discovery rules and the Hague Convention and determined that "the Convention was intended as a permissive supplement, not a pre-emptive replacement, for other means of obtaining evidence located abroad." *Id.* at 536. The Court rejected mandatory resort to the Hague Convention, adopting instead an approach to the Convention that leaves the district courts free to utilize a case by case approach. *Id.* at 546;

*Great Lakes Dredge & Dock Co., v. Harnischfeger Corp.*, No. 89 C 1971, 1990 WL 147066, at *1 (N.D. Ill. Sept. 25, 1990). When making these case by case decisions, district courts are instructed to consider: (1) the intrusiveness of the discovery requests; (2) the sovereign interests involved; and (3) the likelihood that resort to the Hague Convention would be an effective discovery device. *Societe Nationale Industrielle Aerospatiale*, 482 U.S. at 544-46. The party moving for application of the Hague Convention bears the "not great" burden of showing that the Convention applies. *Tulip Computers Int'l B.V. v. Dell Computer Corp.*, 254 F. Supp. 2d 469, 474 (D. Del. 2003).

### A. Intrusiveness of Discovery Requests

Plaintiff claims that 3B6 Italy is the manufacturer and seller of allegedly infringing products and, as such, is likely in possession of more useful and detailed documentation than its United States distributor, 3B6 USA. (Pl.'s Reply in Supp. of Mot. at 6.) According to Plaintiff, this is especially true in light of the fact that 3B6 USA refused to provide or lend samples of the accused products to Plaintiff, did not allot Plaintiff sufficient time to examine 3B6 USA's files, and did not appear to have basic documents relating to the allegedly infringing "Load Runner" product. (Id.) Defendants argue that Plaintiff's discovery requests of 3B6 Italy are overbroad and intrusive, as the documents requested are: (1) not relevant to Plaintiff's infringement claim; (2) exactly the same documents requested from 3B6 USA; (3) too vague and generalized; and (4) brought for improper purpose.

Defendants assert that 3B6 Italy cannot possibly be liable for induced infringement, direct infringement, or contributory infringement, so 3B6 Italy's documents are irrelevant to Plaintiff's

claims. (Defs.' Reply to Protective Order at 6.) Defendants argue that 3B6 Italy can only induce infringement if 3B6 USA is a direct infringer. According to Defendants, 3B6 USA cannot be a direct infringer because the asserted claims call for specific uses of components on a vehicle and 3B6 USA only sells components. Because Defendants believe that Plaintiff's asserted claims call for specific uses and are "primarily functional in scope . . . and do not contain any detail about the inner workings of the sensors," (Defs.' Opp'n to Pl.'s Mot. at 3), Defendants characterize Plaintiff's request for 3B6 Italy's documentation of designs, manufacturing, and drawings and information concerning software and parts, as irrelevant and unrelated to infringement.

Defendants also argue that 3B6 Italy is not liable for contributory infringement because 3B6 Italy never offered to sell nor sold within the United States nor imported into the United States a component of a patented machine. (Defs.' Reply to Protective Order at 6.) According to Defendants, 3B6 USA alone imports and sells the accused products in the United States. (Id.) Thus, Defendants believe that only 3B6 USA is potentially liable in this matter, that all questions about how the allegedly infringing products operate can be ascertained from 3B6 USA, (id.), and that all documents and things relevant and necessary for Plaintiff's discovery have already been produced by 3B6 USA. (Defs.' Opp'n to Pl.'s Mot. at 4.)

Defendants rely on conclusory statements and declarations to support their arguments. Defendants submit a declaration from Mr. Gianmarco Bonetti, chief engineer and part owner of 3B6 Italy, in which he claims that: (1) Since the formation of 3B6 USA in 2000, 3B6 USA has been the exclusive distributor of 3B6 products in the United States; (2) Prior to the formation of 3B6 USA in 2000, 3B6 Italy did not sell any accused products to any customer in the United States; and (3) 3B6 Italy is not aware of any of its customers outside the United States using or

importing any accused products into the United States. (Defs.' Opp'n to Pl.'s Mot. at 1.)
Defendants conclude that, in light of Mr. Bonetti's declaration, "there can be no doubt that 3B6 Italy does not now, and has never sold accused products to the United States, except to 3B6 USA." (Defs.' Opp'n to Pl.'s Mot. at 4.) Defendants continue, claiming that discovery from 3B6 Italy is inappropriate because "[Plaintiff] does not make or sell any products that 3B6 could have copied, and there are no known competitors of 3B6 that are licensees of [Plaintiff]." (Defs.' Opp'n to Pl.'s Mot. at 2.)

The Court is neither persuaded by Defendants' attempts to define the scope and nature of Plaintiff's infringement claim nor the evidence submitted thus far. Under Rule 26 of the Federal Rules of Civil Procedure, Plaintiff is entitled to explore his theory of the case and may request appropriate documentation toward that end. Fed. R. Civ. P. 26. 3B6 Italy, as manufacturer and seller of the products at issue, may very well be in possession of technical, manufacturing, and sales information significant to Plaintiff's claims, including any infringement that may have occurred prior to the incorporation of 3B6 USA. *See, e.g., Biotech Biologische Naturverpackungen v. Biocorp, Inc.*, 249 F.3d 1341, 1350 (Fed. Cir. 2001) (evidence regarding manufacturing activities abroad may be relevant to infringement claims in the United States). Furthermore, it is not obvious that 3B6 USA possess, let alone produced, all of the documents sought by Plaintiff. Plaintiff has alleged, among other things, that 3B6 USA did not have all of the manuals and technical documentation for the "Load Runner" product (which is manufactured by 3B6 Italy),[2] (Pl.'s Supplemental Reply at 3), and that 3B6 Italy may have infringed on

---

[2] The parties disagree as to whether Defendants have ever sold or offered to sell the "Load Runner" in the United States. The Court has not ruled on this issue and does not consider
(continued...)

- 6 -

Plaintiff's patents prior to the incorporation of 3B6 USA. (Pl.'s Mot. to Compel at 8.) Plaintiff is confident that 3B6 Italy possesses all of the documentation relevant to these claims. While Mr. Bonetti's declaration attempts to alleviate some of Plaintiff's concerns, Plaintiff is entitled to explore whether 3B6 Italy has infringed on his patents and need not accept the statements of 3B6 Italy's chief engineer and part owner as the final word on the matter. Simply, Mr. Bonetti's declaration does not end the factual inquiry in this case. Thus, 3B6 Italy's documents are relevant from a discovery standpoint and Defendants' claims that 3B6 USA has already provided Plaintiff with all the documentation he needs and that Plaintiff's requests from 3B6 Italy are irrelevant or duplicative fail.

Next, Defendants argue that the scope of Plaintiff's discovery request is too vague and generalized and should therefore be denied or, in the alternative, reduced and narrowed by the Court. This Court does have an obligation to protect foreign litigants from abusive and unduly burdensome discovery requests. *Societe Nationale Industrielle Aerospatiale*, 482 U.S. at 546. In fact, when international discovery is necessary, this Court is instructed to: (1) supervise pretrial proceedings particularly closely in order to prevent discovery abuses, such as unnecessary costs for transportation of documents to or from foreign locations; and (2) demonstrate due care and respect for special problems confronting foreign litigants on account of its nationality or location of its operations. *Id.*

Defendants have not demonstrated that Plaintiff's discovery requests are abusive or burdensome. While some of Plaintiff's requests are broad, 3B6 Italy's blanket refusal to supply

---

[2](...continued)
it off-limits to discovery.

any documentation makes it difficult to determine which documents are relevant to Plaintiff's claims and which are not. In addition, Defendants fail to demonstrate that it is difficult for 3B6 Italy to provide the documentation sought by Plaintiff. 3B6 Italy has provided comparable documentation to 3B6 USA, (Pl.'s Reply in Supp. of Mot. at 11), so, as a practical matter, the logistics necessary for this discovery do not appear to be complicated or overly burdensome. *See Great Lakes Dredge & Dock Co.*, 1990 WL 147066, at *2 (rejecting foreign litigant's claim that compliance with discovery requests would be burdensome and disruptive where foreign litigant had already produced large quantity of similar documents to its United States subsidiary). Finally, 3B6 Italy filed counterclaims and sought discovery in this case, proceeding under the Federal Rules of Civil Procedure. The Court treats 3B6 Italy's preference for the Federal Rules of Civil Procedure as strong evidence that those rules properly govern this matter or, at least, do not represent an undue burden upon 3B6 Italy. Further, it would be unfair to allow 3B6 Italy to proceed under the Federal Rules of Civil Procedure while forcing Plaintiff to comply with the Hague Convention. *See id.* (foreign defendant unfairly seeks best of both worlds when it reaps benefits of discovery under Federal Rules of Civil Procedure and then withholds discovery from plaintiff because of alleged undue burden under Hague Convention). At oral argument, Defendants offered to drop 3B6 Italy's counterclaim in order to avoid this seemingly hypocritical stance but, to date, no counterclaims have been dropped.

Defendants also accuse Plaintiff of harassment, using discovery as a fishing expedition, and inappropriately filing his lawsuit based on mere suspicion. Defendants suggest that Plaintiff is using discovery in order to prepare claim charts for the accused products because Plaintiff failed to construe the claims of the asserted patents and compare the claims to the accused

products before filing suit. (Defs.' Reply to Protective Order at 7.) Plaintiff denies these allegations and claims that deficiencies in his and Defendants' claim charts are, at least in part, the result of an agreed exchange of claim charts made by the parties in order to resolve disputes over competing interrogatories. (Pl.'s Supplemental Reply at 4.) Plaintiff does present some evidence suggesting that revisions to these charts were anticipated. (Defs.' Reply to Protective Order at Ex. E.) Despite some deficiencies in the claims charts, the Court does not attribute an improper motive to Plaintiff's discovery requests.[3] *See Great Lakes Dredge & Dock Co.*, 1990 WL 147066, at *2 (improper motive may be evidence of harassment of foreign litigant). For these reasons, the Court finds no reason to deny or reduce Plaintiff's discovery request from 3B6 Italy.

B.     **Sovereign Interests Involved**

Defendants argue that the Hague Convention must apply in this case because Italy has a legitimate national interest in preventing pre-trial discovery. Under Article 23 of the Hague Convention, a contracting state may declare that it will not execute Letters of Request issued for the purpose of obtaining pre-trial discovery of documents. In adopting the Hague Convention, Italy expressly declared, "The Italian Government . . . will not execute Letters of Request issued for the purpose of obtaining pre-trial discovery of documents as known in Common law countries." 28 U.S.C.A. § 1781.

---

[3] The extent of Plaintiff's investigation prior to bringing suit has not yet been argued in front of this Court and we will not delay ruling on this motion while waiting for those issues to be briefed. The Court's present ruling does not, however, preclude the possibility of finding violations at a later point.

Italy may have an interest in restricting pre-trial discovery but the United States has an interest in the just, speedy and inexpensive determination of litigation in our courts. *Societe Nationale Industrielle Aerospatiale*, 482 U.S. at 542-43. The United States' interest is adversely affected by unnecessary adherence to the Hague Convention, as the Convention's procedures are often long and drawn out and result in less discovery than United States courts consider appropriate. *See* U.S. Dept. of State, U.S. Dept. of State Circular on Hague Evidence Convention Operations, *Hague Convention on Taking of Evidence Abroad in Civil or Commercial Matters, available at* http://www.travel.state.gov/law/info/judicial/judicial_689.html ("U.S. Dept. of State Circular"). Furthermore, the Court does not recognize Italy's declared desire to limit pre-trial discovery to be an important or compelling sovereign interest, as such an outcome would result in finding an important sovereign interest in every case. *See Great Lakes Dredge & Dock Co.*, 1990 WL 147066, at *2 (refusing to find that a foreign sovereign's interest in protecting its nationals from discovery abuses is an important sovereign interest). Based on the sovereign interests involved in this case, the Court does not find it necessary to resort to the Hague Convention.

### C. Likelihood That Hague Convention Will Be an Effective Discovery Device

Defendants suggest that the Hague Convention can function as an effective discovery device in this case. Discovery under the Hague Convention requires Plaintiff to demonstrate a bona fide need for a specific document and present his requests to Italy's Ministry of Foreign Affairs, which then forwards the request to the appropriate Italian court of appeals. *See* 28

U.S.C.A. § 1781. Having heard Plaintiff's arguments, the Italian court then determines what discovery is appropriate and how it will proceed. Id. Citing *Tulip Computers Int'l B.V.*, 254 F. Supp. 2d at 474-75, Defendants argue that foreign courts should be trusted to make appropriate determinations regarding the discovery necessary for pending litigation. (Defs.' Opp'n to Pl.'s Mot. at 11-12.)

The Court is not persuaded that discovery in this case will be simple, efficient, or fair under the Hague Convention. As noted above, compliance with the Hague Convention may be difficult and time consuming. *See Societe Nationale Industrielle Aerospatiale*, 482 U.S. at 547 n.30. The party seeking discovery may find it difficult to determine what evidence is in the control of the party urging resort to the Convention. *Id.* Furthermore, the process itself requires translating requests into different languages and then processing them in what is often a six to twelve month long process. *See* U.S. Dept. of State Circular. In addition, Italy has explicitly stated its opposition to pre-trial discovery, placing Plaintiff (with his pre-trial discovery requests) at a significant disadvantage from the outset. Because there are no compelling grounds for proceeding under the Hague Convention instead of the Federal Rules of Civil Procedure, and because the Hague Convention will place a heavy and unfair burden on Plaintiff, the Court finds that the Hague Convention would not be an effective discovery device in this case.

### III. Conclusion

For the reasons discussed above, the Court finds that the Federal Rules of Civil Procedure, and not the Hague Convention, govern discovery in this case. Under the Federal Rules of Civil Procedure, Plaintiff is entitled to discovery from 3B6 Italy and the Court therefore

grants Plaintiff's motion to compel discovery and denies Defendants' cross-motion for protective order. It follows that 3B6 Italy must: (1) produce the documents and things requested by Plaintiff on April 29, 2005; and (2) produce responsive documents and things within 3B6 Italy's possession custody or control, and provide a supplemental response indicating as such.[4]

**ENTER ORDER:**

                                                                                       MARTIN C. ASHMAN

Dated: September 12, 2005.                          United States Magistrate Judge

---

[4] Plaintiff's motion also requests that Defendants: utilize the definition of the term "vehicle" that appears in the request for documents and things, or in the alternative, use the broadest most inclusive dictionary definition, and provide a supplemental response consistent with such definition; and utilize the definition for "and" and "or" found in Plaintiff's request for documents and things, or in the alternative, use a similar definition found in 3B6 Italy's and 3B6 USA's request for documents and things, and provide a supplemental response consistent with such definition. The parties reached agreement on these requests at oral argument so the Court does not include them in this Memorandum Opinion and Order.

Copies have been mailed to:

| | |
|---|---|
| WILLIAM J. HALLIHAN, Esq.<br>Hallihan Intellectual Property Law, Ltd.<br>125 South Wacker Drive<br>Suite 2080<br>Chicago, IL 60606<br><br>PAUL L. BROWN, Esq.<br>Emrich & Dithmar<br>125 South Wacker Drive<br>Suite 2080<br>Chicago, IL 60606<br><br>Attorneys for Plaintiff | DAVID I. ROCHE, Esq.<br>RICHARD M. FRANKLIN, Esq.<br>Baker & McKenzie, L.L.P.<br>One Prudential Plaza, Suite 3500<br>130 East Randolph Drive<br>Chicago, IL 60601<br><br><br><br><br><br><br>Attorneys for Defendants |