# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **LEROY G. HAGENBUCH,** | )<br>) |
| Plaintiff, | ) Case No. 04 C 3109<br>) |
| v. | ) Judge Wayne R. Andersen<br>) |
| **3B6 SISTEMI ELETTRONICI INDUSTRIALI S.R.L.**, an Italian Corporation, | ) Magistrate Judge<br>) Martin C. Ashman<br>)<br>) |
| **3B6 TECHNOLOGIES, LLC**, an Illinois limited liability company, | )<br>)<br>) |
| **VARIOUS JOHN DOE SUPPLIERS, AGENTS, RESELLERS, CUSTOMERS, OWNERS,** or **ENDUSERS** of **3B6 SISTEMI INDUSTRIALI S.R.L.**, **3B6 TECHNOLOGIES, LLC** or selected ones of their products, or Others, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Leroy G. Hagenbuch, moves this Court to compel Defendant, 3B6 Technologies, LLC ("3B6 USA"), to produce the electronic media, namely, compact discs, floppy discs, and/or DVDs (hereinafter "electronic media"), that Plaintiff designated for copying during his inspection of Defendant's Rockford, Illinois offices. 3B6 USA opposes Plaintiff's motion and argues that it has already produced the information that Plaintiff seeks and has satisfied its discovery obligations under Rule 34 of the Federal Rules of Civil Procedure. This

matter comes before this Court pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.1. For the reasons that follow, Plaintiff's motion is granted.

## I. Background

Plaintiff brings his lawsuit under 35 U.S.C. §§ 271, 281 *et seq.* and alleges, among other things, that 3B6 USA and other defendants directly infringed, induced infringement of, and/or contributorily infringed one or more patents issued to Plaintiff by manufacturing, using, importing into the United States, offering for sale and/or selling, at least, 3B6 USA's and 3B6 Italy's line of on-board weighing systems for vehicles, as well as certain products and components of those systems. (Pl.'s Am. Compl. at 5-6.) Attempting to proceed with pretrial discovery, Plaintiff served 3B6 USA with requests for documents on April 29, 2005. 3B6 USA refused to produce the requested documents for Plaintiff on the grounds that Plaintiff's allegations were too broad and too vague. Instead, 3B6 USA required Plaintiff to come to its Rockford, Illinois offices in order to inspect 3B6 USA's documents and things and to designate those documents and things that Plaintiff deemed responsive to his request for production. At the time, 3B6 USA expressed to Plaintiff that, by granting Plaintiff access to its offices, "[3B6 USA is] producing the documents in accordance with Rule 34(b), i.e., as they are kept in the usual course of business." (Pl.'s Br. at Ex. 11.)

On June 26, 2005, Plaintiff inspected 3B6 USA's Rockford, Illinois office and designated numerous documents and electronic media for copying by the copying service arranged for by 3B6 USA. Initially, 3B6 USA refused to permit copying of the designated electronic media, offering instead to print out and deliver to Plaintiff hard copies of all of the documents contained

- 2 -

on the designated discs and DVDs.[1] Plaintiff refused this offer and insisted on receiving identical, electronic copies of the electronic media. Ultimately, 3B6 USA decided (against the protests of Plaintiff) to convert all of the information on the original electronic media into Tagged Image File Format ("TIFF") documents that were then downloaded onto compact discs and delivered to Plaintiff.[2] Plaintiff took issue with 3B6 USA's production of TIFF documents and again insisted on receiving identical, electronic copies of the electronic media. Claiming to be in full compliance with Rule 34's discovery requirements, 3B6 USA rejected Plaintiff's demand.

## II. Discussion

Plaintiff now asks this Court to find that 3B6 USA's production of the TIFF documents is insufficient under Rule 34. Plaintiff argues that, under Rule 34, (1) he is entitled to copies of the designated electronic data, and (2) the TIFF documents created by 3B6 USA are fundamentally different from the original documents and are not documents produced as they are kept in the usual course of business. Plaintiff claims that the TIFF documents are inadequate reproductions that (1) lack clarity and color, (2) lack metadata that track when a document was created or modified and whether e-mails contained attachments and to whom they were sent, (3) lack clear indications as to where each document starts and stops (i.e., the TIFF pages all run together and make it difficult to determine which pages are part of one document), (4) lack clear indications as

---

[1] Under 3B6 USA's proposal, 3B6 USA would print out and copy the documents and Plaintiff would bear the costs.

[2] According to Plaintiff, the compact discs produced by 3B6 USA contain approximately 15,000 TIFF documents.

to which documents are stored together on the original compact discs and DVDs (i.e., over sixty original compact discs and DVDs were reduced to four compact discs containing TIFF documents), and (5) make it impossible for Plaintiff to use search terms to quickly and efficiently search through the documents electronically. (Pl.'s Reply at 6-9.) 3B6 USA acknowledges that there are real differences between the original documents and the TIFF documents but claims that the TIFF documents are reasonably usable forms of the designated electronic media that satisfy Rule 34's requirements.

Rule 34 states that any party may serve on any other party a request to produce and permit the party making the request to:

> to inspect and copy, any designated documents (including writings, drawings, graphs, charts, photographs, phonorecords, and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form), or to inspect and copy, test, or sample any tangible things which constitute or contain matters within the scope of Rule 26(b) and which are in the possession, custody or control of the party upon whom the request is served . . . .

Fed. R. Civ. P. 34(a). A party who produces documents for inspection pursuant to Rule 34 shall "produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request." Fed. R. Civ. P. 34(b).

3B6 USA agreed to copy and produce documents and electronic media for Plaintiff if Plaintiff came to 3B6 USA's Rockford facilities and designated which documents, electronic media, and other data compilations he wanted. Plaintiff went to 3B6 USA's Rockford facilities, viewed 3B6 USA's documents and electronic media as they are kept in the usual course of business and, based on that viewing, designated certain items for copying and production. In the case of the electronic media, Plaintiff was shown and Plaintiff designated certain compact discs

and DVDs. Ultimately, however, 3B6 USA did not produce the electronic media viewed and designated by Plaintiff. Rather, 3B6 USA altered the format and characteristics of the electronic media by converting it into TIFF format—essentially creating new documents—and then turned the new documents over to Plaintiff. The parties do not dispute that the TIFF documents differ in design and content from the materials Plaintiff designated, are not identical to the documents shown to Plaintiff, and contain less information (especially about the documents themselves) than the originals. 3B6 USA does not suggest that the changes were made to protect confidential or privileged information and the Court finds Plaintiff's objections to the changes to be legitimate. When served with discovery requests, 3B6 USA did not produce documents for Plaintiff in a reasonably usable form but instead required Plaintiff to come to the Rockford facility and specifically designate which items should be copied. Plaintiff complied and is now entitled to identical copies of those materials, in the same form in which 3B6 USA keeps them in the usual course of business.

3B6 USA argues that Rule 34 is simply an "anti-sabotage provision" intended to keep intact the organization of items produced in the manner in which they are kept in the usual course of business and does not require the presentation of evidence in its original format. (Def.'s Br. at 3-4.) 3B6 USA claims that the TIFF documents provide Plaintiff with all the relevant, nonprivileged information he needs in a reasonably usable form. 3B6 USA suggests that providing Plaintiff with identical copies of the designated materials amounts to granting Plaintiff unrestricted, direct access to 3B6 USA's database compilations, a practice rejected by the Eleventh Circuit Court of Appeals in *In re Ford Motor Co.*, 345 F.3d 1315, 1316 (11th Cir. 2003). Finally, 3B6 USA argues that converting the original electronic media into TIFF

documents was necessary because it allowed 3B6 USA to add Bates numbers to every page of every document, thereby making it possible for 3B6 USA to quickly and efficiently locate and authenticate any documents that Plaintiff refers to or relies upon as this lawsuit goes forward.

The Court is not persuaded by 3B6 USA's arguments. As an initial matter, it is clear that the TIFF documents do not contain all of the relevant, nonprivileged information contained in the designated electronic media. The parties agree that, unlike the original electronic media, the TIFF documents do not contain information such as the creation and modification dates of a document, e-mail attachments and recipients, and metadata. 3B6 USA argues that the missing information is not relevant to Plaintiff's case. The Court disagrees. A request for *discovery* should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action. *Meyer v. S. Pac. Lines*, 199 F.R.D. 610, 611 (N.D. Ill. 2001) (internal citations omitted). *See also* Fed. R. Civ. P. 26(b)(1). Plaintiff claims that the information contained in the designated electronic media is relevant to his infringement claims and will allow him to piece together the chronology of events and figure out, among other things, who received what information and when. Because the information sought by Plaintiff may be relevant at the discovery stage, and because 3B6 USA does not suggest that the electronic media contain privileged or classified information, Plaintiff is entitled to that information. *Compare to McCurdy Group, LLP v. Am. Biomedical Group, Inc.*, No. 00C 6183, 2001 U.S. App. LEXIS 10570, at \*\*21-23 (10th Cir. 2001) (mere fact that plaintiff is skeptical that defendant produced copies of all relevant and nonprivileged documents does not warrant compelling production of defendant's computer disc drives where defendant (1) claimed to have produced hard copies of all relevant and nonprivileged information, (2) agreed to produce the

requested computer disc drives to a third party for inspection, and (3) asserted attorney-client and trade secret privileges).

Next, 3B6 USA's reliance on *In re Ford Motor Co.* is misplaced, as *In re Ford Motor Co.* does not simply stand for the proposition that "Rule 34(a) does not give the requesting party the right to conduct the actual search." 345 F.3d at 1317. In *In re Ford Motor Co.*, the plaintiff filed multiple document requests and then filed a motion to compel seeking direct access to the defendant's databases to conduct searches for relevant information. *Id.* at 1316. The district court granted the plaintiff's motion and allowed the plaintiff direct, unrestricted access to the defendant's database. *Id.* The Eleventh Circuit found that the district court erred when it (1) failed to discuss the defendant's objections or provide a substantive explanation for the court's decision to grant the plaintiff's motion, (2) failed to establish protocols and limitations on the plaintiff's access to the defendant's databases, and (3) failed to take adequate steps to protect the defendant's records, confidentiality of nondiscoverable matters, and costs. *Id.* at 1316-17. The Eleventh Circuit noted that direct access to a defendant's database might be permissible in certain cases but concluded that the district court abused its discretion by granting such a sweeping order, especially without a finding of noncompliance with the discovery rules. *Id.*

Unlike *In re Ford Motor Co.*, in this case, Plaintiff is not seeking unlimited access to 3B6 USA's databases, the designated electronic media do not contain confidential, nondiscoverable matters, and this Court is not granting a sweeping motion, let alone granting a sweeping motion in the absence of a hearing or substantive explanation. It follows that *In re Ford Motor Co.* does not determine the outcome of this case.

Finally, the benefits of adding Bates numbers to the TIFF documents do not justify 3B6 USA's failure to produce the designated electronic media. As discussed in open court, the parties can agree on any number of ways to designate each page of each document produced, including, but not limited to, relying on file names and page numbers. While 3B6 USA stressed that using TIFF documents and Bates stamping makes evidence tampering more difficult and easier to detect, as discussed in open court, the mere fact that a document is in TIFF format and Bates stamped does not make it impossible for a party to tamper with the contents of the document. The Court is confident that both parties will be double checking the authenticity of any documents relied upon by the other side and, while Bates stamping may provide a simple method for locating and authenticating documents, it is certainly not the only method.

### III. Conclusion

For the reasons stated above, the Court orders 3B6 USA to produce the electronic media that Plaintiff designated for copying during his inspection of Defendant's Rockford, Illinois offices.

**ENTER ORDER:**

Dated: March 8, 2006.

MARTIN C. ASHMAN
United States Magistrate Judge

Copies have been mailed to:

WILLIAM J. HALLIHAN, Esq.  
Hallihan Intellectual Property Law, Ltd.  
125 South Wacker Drive  
Suite 2080  
Chicago, IL 60606  

PAUL L. BROWN, Esq.  
Emrich & Dithmar  
125 South Wacker Drive  
Suite 2080  
Chicago, IL 60606  

Attorneys for Plaintiff

DAVID I. ROCHE, Esq.  
RICHARD M. FRANKLIN, Esq.  
Baker & McKenzie, L.L.P.  
One Prudential Plaza, Suite 3500  
130 East Randolph Drive  
Chicago, IL 60601  

Attorneys for Defendants